## GARRETT *v.* HORTON.

*(Supreme Court, General Term, Third Department.* November 30, 1891.)

HUSBAND AND WIFE—FALSE REPRESENTATIONS—ACTIONS.

A wife who was cognizant of and benefited by the false representations of her husband, since deceased, as to the quantity of land sold by him, he and his wife being tenants thereof by entireties, and who adopted as her own such representations by joining him in executing the deed, is liable to the purchaser for a deficiency in such quantity.

Appeal from judgment on report of referee. Affirmed.

Action by Simeon C. Garrett against Clarissa M. Horton. There was judgment against defendant on the report of a referee, and she appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*G. & G. H. Williams,* for appellant. *Edward Crummey,* for respondent.

LEARNED, P. J. This is an appeal from a judgment against defendant on the report of a referee. The action is to recover damages for injury sustained by the plaintiff on his purchase of land from the defendant's husband, now deceased. The land had been conveyed to defendant and her husband; and they were tenants by the entirety. *Bertles* v. *Nunan,* 92 N. Y. 152. It was called the "Moses Vandervoort Farm." He made a written contract in January, 1887, to sell it to plaintiff for $1,400. In the contract it is called the "Moses Vandervoort Farm;" the names of adjoining owners are given; and it is described as 40 acres, more or less. No other description is given. The price was $1,400, and a penal sum of $100 was named as fixed and settled damages to be paid by the failing party. On the 1st of April defendant and her husband executed a deed to plaintiff of the farm. The deed was left in the hands of Mr. Crummey, and the money was also left with him. The farm was incumbered. Soon afterwards Mr. Crummey paid $1,300 to the mortgagee, and obtained a release. He also gave $50 to defendant's husband to buy out the tenant, and the other $50 was also paid to Horton. Mr. Crummey states that he was not then attorney for either party. He seems to have acted for both at that time. It was discovered that the old deed of the land called for only 30 acres. A subsequent survey has shown that there were only 18½. The plaintiff took possession of the land about April 12th, and has been in possession ever since. The deed and the release have ever since been in Mr. Crummey's possession. The defendant's husband died August 20, 1888, before the commencement of this action. The plaintiff claims that defendant and her husband falsely represented that there were 40 acres of land, and that he relied on such representations. The report of the referee found that plaintiff should recover of defendant $500 damages, with costs, and that thereupon plaintiff was entitled to the deed. The judgment, however, is simply for the damages and costs. It appears by the testimony that there had been at one time, and for some 20 years, a lot of 10 acres connected with the Vandervoort farm, which lot is now part of the Horton place. In this way the Vandervoort place had been described as containing 30 acres, and had been for a long time so assessed. There is evidence in the case from which the referee could find that both defendant and her husband stated to plaintiff before the sale that there were 40 acres in the Vandervoort farm. There is

evidence also that she knew of the negotiations between her husband and plaintiff, and was present at them. They went together and showed plaintiff the place; and the deed signed by defendant and her husband describes the land as about 40 acres, more or less. It should further be noticed that defendant and her husband were owners of some land—apparently about 100 acres—other than this Vandervoort farm, and that the mortgage from which the Vandervoort farm was released, as above stated, by the payment of plaintiff's $1,300, covered also these other 100 acres. Thus that mortgage on the 100 acres was reduced so much by this payment; and the defendant, as survivor, has received the benefit of such reduction. The proof in the case justifies a finding that the statement by defendant's husband that the property contained 40 acres was false and fraudulent. Even with the 10-acre lot, which had once been connected with this farm, and which at the time belonged to the Horton place, the property would have been a little less than 30 acres. The defendant and her husband lived adjoining, the plaintiff in another county. He was not familiar with the land, and, though he went upon it, he might easily be deceived as to its actual size. The plaintiff at the time of the contract had an estate in the land, and it could not be validly sold in fee without her conveyance. She had her right of survivorship, of which she could not be deprived against her will; and this same right extended to the other 100 acres. She was therefore interested in getting as much as possible from plaintiff; and she actually benefited by the transaction at the time it was made, and of course she was still more benefited after her husband's death. She therefore benefited by the fraud, even if we pass over the false statements which she is alleged to have made. And that her husband acted for her in the transaction appears from the fact that she joined in executing the deed to plaintiff. By doing this she accepted his previous negotiations as made for herself as well as for him. The defendant's counsel urge that the release of the land is still held by Mr. Crummey, now plaintiff's attorney, and that, therefore, the land is still of record held by the mortgagee; but as a fact the Vandervoort farm is free from the incumbrance, and the incumbrance on the 100 acres is reduced by $1,300. It is immaterial to the rights of these parties whether or not these facts appear in the record in the clerk's office. We see no error in the admission of evidence or in the rule of damages applied by the referee. Judgment affirmed, with costs. All concur.